**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DESIRAY J. ALLEN,

Defendant-Appellant.

No. 04-6283

(W.D. Oklahoma)

(D.C. No. CR-04-32-M)

ORDER AND JUDGMENT[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Desiray J. Allen appeals his sentence of ninety-three months, contending that the district court erred when it adjusted his offense level five points upward

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

based upon facts found by a preponderance of the evidence. Mr. Allen raised this *Blakely/Booker* error before the district court, and we review for harmless error. For the reasons stated below, we vacate Mr. Allen's sentence and remand for resentencing.

## I. FACTUAL BACKGROUND

On January 28, 2004, Mr. Allen was charged with one count of taking, by force, money belonging to an FDIC-insured institution in Oklahoma City, in violation of 18 U.S.C. § 2113(a). On March 2, 2004, in a separate information, he was charged with (1) a separate violation of § 2113(a) for knowingly taking money belonging to an FDIC-insured bank through intimidation in the presence of a bank employee. He was also charged with (2) being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty to the March 2004 information. The plea agreement indicates that Mr. Allen waived his right to appeal or collaterally challenge his guilty plea or the imposed sentence, except under limited circumstances.

The presentence report assigned Mr. Allen an adjusted offense level of 26, including a five-level adjustment for brandishing a firearm during the robbery, and a criminal history category of III. The commensurate guideline range was determined to be 79 to 97 months. Mr. Allen objected to the guideline

calculations based on *Blakely v. Washington*, 124 S. Ct. 2531 (2004). He challenged the five-level adjustment for brandishing a firearm, because he had not admitted this fact. "Because no firearm was recovered," his counsel argued, "there is only circumstantial evidence that [Mr. Allen] carried [one] during the robbery." Rec. vol. III, at 22 (presentence report).

The sentencing court did not rule on the objection. Instead, it sentenced Mr. Allen under the guidelines and then provided two alternate sentences: "one alternate sentence under the statute, and one alternate sentence if the U.S. Supreme Court determined that the upward enhancements are unconstitutional." Rec. vol. II, at 35 (Tr. of Aug. 18, 2004 Hr'g).

The court first imposed a concurrent sentence of ninety-seven months on counts one and two. This sentence was at the top of the guideline range. The court's first alternate sentence, to be imposed if the guidelines "are later found to be unconstitutional in their entirety," Rec. vol. I, doc. 40, was for concurrent terms of one hundred and twenty months for counts one and two. The court based this sentence upon the extensive nature of Mr. Allen's criminal history, the currency of the criminal history in relation to the commission of the offense, and the recency of many of his prior offenses. The court noted that it used the guidelines for some guidance in determining this sentence.

The court's second alternate sentence was concurrent terms of sixty-three months. This sentence was based on the likelihood that the enhancement provisions might be held unconstitutional at a later date.

## II. DISCUSSION

Mr. Allen contends that (1) under *United States v. Booker*, 125 S. Ct. 738 (2005), he should have been sentenced to no more than sixty-three months of imprisonment; and (2) the imposition of the one hundred and twenty month sentence violates the Ex Post Facto Clause of the U.S. Constitution because he was informed in his plea agreement that he would be sentenced pursuant to the guidelines within the guideline range. Before us, the government contends Mr. Allen has waived his right to appeal.

A. Waiver of the right to appeal

The government argues that Mr. Allen made a knowing and voluntary waiver of his right to appeal in his negotiated plea agreement. The plea agreement provided:

[D]efendant in exchange for the promises and concessions made . . . knowingly and voluntarily waives his right to:

a. appeal or collaterally challenge his guilty plea and any other aspect of his conviction . . . .

b. Appeal, collaterally challenge, or move to modify . . . his sentence as imposed by the Court and the manner in

> which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court. . . .

Rec. vol. I, doc. 23, at 5-6.  However, Mr. Allen

> specifically [did] not waive the right to appeal an upward departure from the sentencing guidelines range determined by the Court to apply to this case and . . . his waiver of rights to appeal and to bring collateral challenges shall not apply to *appeals or challenges* based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court *to have retroactive effect*.

*Id.*  (emphases added).

During his change-of-plea hearing, the district court inquired as to whether Mr. Allen understood that he was giving up his right to appeal, except under limited circumstances.  Mr. Allen acknowledged his understanding of the waiver.

We strictly construe the scope of appellate waivers, and "any ambiguities in these agreements are read against the Government and in favor of a defendant's appellate rights."  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (quotation marks and citations omitted).  Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *Id.* at 1325 (citation omitted).

We have held that a defendant's waiver of his appellate rights is not otherwise unlawful based on the subsequent issuance of *Booker*. *See United States v. Porter*, No. 04-4009, 2005 WL 1023395, at *8 (10th Cir. May 3, 2005) forthcoming 2005) ("[W]e find the change *Booker* rendered in the sentencing landscape does not compel us to hold [the defendant]'s plea agreement unlawful. . . . To allow defendants or the government to routinely invalidate plea agreements based on subsequent changes in the law would decrease the prospects of reaching an agreement in the first place, an undesirable outcome given the importance of plea bargaining to the criminal justice system."). However, in contrast to Mr. Allen's plea agreement, the plea agreement in *Porter* did not contain the exception for appeals based upon subsequent changes in the law.

The government contends that Mr. Allen's plea bargain forecloses this appeal. It asserts that the *Booker* court never indicated that its holdings should have retroactive effect, but rather that the holdings applied only to cases on direct review. Mr. Allen asserts that because the Supreme Court's decision in *Booker* applies retroactively to cases on direct review, he has not waived his right to appeal.

The government's argument is disingenuous. The Supreme Court in *Booker* specifically followed its earlier holding in *Griffith v. Kentucky,* 479 U.S. 314, 328 (1987), when it held it "must apply" its holding "to all cases on direct review."

-6-

*Booker,* 125 S. Ct. at 769 (citing *Griffith* for the proposition that "[A] new rule for the conduct of criminal prosecutions is to be applied *retroactively* to all cases, state or federal, . . . not yet final" when the rule is announced) (emphasis supplied); *see Griffith*, 479 U.S. at 323 ("[W]e fulfill our judicial responsibility by instructing the lower courts to apply the new rule retroactively to cases not yet final."). We therefore conclude that Mr. Allen may challenge his sentence under *Booker*.

   *B. Booker* Error

   Mr. Allen's timely *Blakely* objection adequately preserved his *Booker* argument. *See, e.g., United States v. Pineda-Rodriguez*, No. 04-4145, 2005 WL 1030453, at * 1 n.4 (10th Cir. May 4, 2005) (unpublished). Moreover, there is no question that the district court committed a constitutional error under *Booker* when, based on facts found by a preponderance of the evidence, it increased Mr. Allen's offense level by five levels for the use of a firearm during the robbery. *See Booker*, 125 S. Ct. at 749. We thus review to determine whether the error was harmless. *See* FED. R. CRIM. P. 52(a) (providing that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded"); *United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005) (applying harmless error analysis to a preserved *Booker* error).

   Recently we stated that:

> [t]he burden of proving that an error does not affect substantial rights is upon the "beneficiary of the error"– here, the government. *See Chapman v. California*, 386 U.S. 18, 24 (1967). If the error is of constitutional magnitude, as it is here, the government is required to prove the error was harmless beyond a reasonable doubt. *See id.*

*United States v. Lang,* No. 04-4165, 2005 WL 834669, at *4 (10th Cir. Apr. 12, 2005).

The burden is on the government to establish harmlessness, and it has not attempted to do so. The government concedes that our decisions in *United States v. Lynch*, 397 F.3d 1270 (10th Cir. 2005) and *Labastida-Segura*, 396 F.3d at 1142-43 followed *Booker*'s instruction that we "apply ordinary prudential doctrines" such as harmless error. *See* Aple's Br. at 8, n.4. However, the government argues in a footnote that it "wishes to reserve argument regarding the application of the 'harmless error' test in the event the Court setting *en banc* . . . finds that the harmless error applies to cases such as the present appeal." *Id.* Although we did hear two cases en banc in March 2005, neither case affected our existing precedent as to the application of the harmless error doctrine. *See United States v. Yazzie,* 04-2152, 2005 WL 1189822, at *3 (May 20, 2005) (en banc) (reviewing for plain error); *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (same). The prior panel holdings remain unaffected by our en banc decisions.

The government does contend that "a sentence imposed within the applicable guideline range cannot seriously affect[] in a negative way, the fairness, integrity, or public reputation of the sentencing proceedings. Aple's Br. at 20 (quotation omitted). This argument appears to address the fourth prong of the plain error test, *see Yazzie*, 2005 WL 1189822, at *3, and it is thus not applicable when, as here, the defendant has asserted a *Booker* error in the district court proceedings. Accordingly, Mr. Allen is entitled to be resentenced pursuant to *Booker*.[1]

We note that neither of the alternate sentences provided by the district court anticipated the *Booker* holding precisely, because the Court did not hold the guidelines to be unconstitutional, nor did it hold the enhancement provisions to be unconstitutional. As a result, the district court may opt to resentence Mr. Allen to a sentence lower than, greater than, or identical to, the sentence originally imposed, within the constraints of *Booker*, which we will review for reasonableness. *See United States v. Magallanez,* No. 04-8021, 2005 WL 1155913, *8 (10th Cir. May 17, 2005) (noting that post-*Booker*, "the court has

_____

[1] Because we must remand for resentencing in any event, we need not address Mr. Allens's Ex Post Facto Clause claim. *See United States v. Cano-Silva*, 402 F.3d 1631, 1639 (10th Cir. 2005) (reversing one issue and remanding for resentencing pursuant to *Booker* without addressing other asserted error).

latitude, subject to reasonableness review, to depart from the resulting Guideline ranges").


III. CONCLUSION

We therefore VACATE Mr. Allen's sentence and REMAND the case to the district court with directions to resentence him in light of *Booker*.


Entered for the Court,


Robert H. Henry
Circuit Judge