**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

LIOVARDO GALVAN VALGARA,

　　　　Defendant-Appellant.

No. 06-1100

(D. Colorado)

(D.C. No. 05-CR-358-N)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, Circuit Judge, **McWILLIAMS,** Senior Judge, and **HARTZ**, Circuit Judge.

---

I.　　**Introduction**

Appellant Liovardo Galvan Valgara pleaded guilty to a charge of being a felon in possession of a firearm. Pursuant to the terms of a plea agreement, the Government agreed to recommend a sentence consistent with the application of a base offense level of fourteen. The Presentence Investigation Report ("PSR") calculated Valgara's criminal history at VI and his base offense level at twenty.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The base offense level was affected by Valgara's prior Colorado conviction for third-degree assault. Valgara filed a response to the PSR, seeking both a downward departure and a variance from the advisory guidelines range under 18 U.S.C. § 3553(a). The district court lowered Valgara's Criminal History Category to V but rejected his request for a variance. The court sentenced Valgara to forty-six months' imprisonment, the low end of the advisory guidelines range. Valgara then filed this appeal, arguing his sentence is unreasonable because it is greater than necessary to satisfy the goals set forth in 18 U.S.C. § 3553(a). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** Valgara's sentence.

## II.    Background

On July 3, 2005, a police officer in Greeley, Colorado, observed Valgara walking through the parking lot of the Greeley Mall toward a broken-down vehicle. The officer suspected Valgara was associated with the vehicle and decided to contact him. During the subsequent encounter between the officer and Valgara, the officer observed the butt end of a handgun protruding from Valgara's waistband. Valgara was arrested at the scene and the unloaded weapon was seized. When Valgara was interviewed, he admitted to possessing the weapon but told officers he took it from a man who had used it to threaten his friend during an argument. Valgara further stated he was apprehended only a short time later, as he walked from the friend's apartment to his vehicle.

A federal grand jury indicted Valgara for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Valgara entered into a written plea agreement wherein he agreed to plead guilty to the charge and the Government agreed to recommend a three-level reduction in his offense level for acceptance of responsibility if his offense level exceeded sixteen. Valgara and the Government also acknowledged that Valgara's prior Colorado conviction for third-degree assault would likely be treated as a crime of violence for purpose of the calculation of his base offense level, resulting in a base offense level of twenty. *See* USSG § 2K2.1(a)(4); *United States v. Paxton*, 422 F.3d 1203, 1207 (10th Cir. 2005). The Government and Valgara agreed that "applying a base offense level of twenty results in a sentence greater than necessary to satisfy the goals set forth in 18 U.S.C. § 3553(a)." Accordingly, the Government further agreed to recommend that the district court impose a sentence calculated by applying a total offense level of twelve.

A PSR was prepared and it calculated Valgara's criminal history at Category VI based on seventeen criminal history points. The PSR calculated Valgara's base offense level at twenty, with a three-level reduction for acceptance of responsibility, resulting in a total offense level of seventeen. Neither Valgara nor the Government filed an objection to the PSR. Valgara, however, filed a response to the PSR, moving for a downward departure and requesting a sentence below the advisory guidelines range. In support of his request for a downward

departure, Valgara argued (1) Criminal History Category VI overrepresented his criminal history and (2) his family ties and responsibilities were present to an exceptional degree. In support of his request for a variance based on the application of 18 U.S.C. § 3553(a), Valgara asked the district court to consider the nature of the offense and his history and characteristics. *See* 18 U.S.C. § 3553(a)(1). Specifically, Valgara referenced the unusual circumstances surrounding the crime of conviction, his exemplary behavior while on pretrial release, his excellent employment history, and his success in overcoming a drinking problem. He also argued the imposition of a six-level increase in his base offense level resulted in an unfair sentencing disparity between him and other defendants sentenced for similar conduct because his Colorado third-degree assault conviction was not as serious as many other crimes of violence which trigger the six-level increase.[1] Valgara expressly asked the district court to sentence him "as if the six-level enhancement did not apply."

After considering Valgara's response, the probation officer who authored the PSR filed a Sentencing Recommendation adopting the position that Criminal History Category V better represented Valgara's criminal history. The

---

[1]Although Valgara characterizes his offense level as including a six-level "increase" or "enhancement" because of his prior assault conviction, his characterization is incorrect. Pursuant to USSG § 2K2.1(a)(6), a prohibited person without a prior crime-of-violence conviction is assigned a base offense level of fourteen. A prohibited person with a prior crime-of-violence conviction, like Valgara, is assigned a base offense level of twenty pursuant to USSG § 2K2.1(a)(4)(A).

Sentencing Recommendation further recommended the imposition of a forty-six-month sentence, reasoning that Valgara's prior sentences of probation and incarceration had not deterred him from continued criminal behavior. At the sentencing hearing, the district court adjusted Valgara's criminal history from Category VI to Category V, concluding Valgara's criminal history was overrepresented. The court, however, determined Valgara's family ties and responsibilities were not extraordinary and, accordingly, the court refused to depart downward based on those grounds. *See United States v. McClatchey*, 316 F.3d 1122, 1131 (10th Cir. 2003) ("The fact that a defendant cares for a family member with a mental or physical disability is not by itself sufficient to make the circumstances 'exceptional.'"). The district court also refused to impose a sentence below the low end of the advisory guidelines range, stating, "The Court believes that the guideline sentence adequately reflects the balancing of all the factors specified in Title 18 United States Code Section 3553(a)." The court sentenced Valgara to forty-six months' imprisonment, the low end of the advisory guidelines range based on Criminal History Category V and an offense level of seventeen. Valgara then brought this appeal, challenging the sentence imposed by the district court.

## III. Discussion

This court reviews Valgara's sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 260-61 (2005). Because "[r]easonableness has both

procedural and substantive components," our review "encompasses both the reasonableness of the length of the sentence, as well as the *method* by which the sentence was calculated." *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006); *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Valgara argues his sentence is both procedurally and substantively unreasonable.

*A.      Procedural Reasonableness*

Valgara bases his first challenge to the procedural reasonableness of his sentence on his assertion the district court misapprehended the nature of its sentencing discretion. After *Booker*, a sentencing court must consider both the properly calculated guidelines range and the sentencing factors articulated in 18 U.S.C. § 3553(a). *See United States v. Lynch*, 397 F.3d 1270, 1272 (10th Cir. 2005). At sentencing, Valgara did not challenge the calculation of his base offense level pursuant to USSG § 2K2.1(a)(4)(A). *See Paxton*, 422 F.3d at 1207 (holding Colorado's third degree assault statute is a crime of violence under USSG § 4B1.2(a)(2)); USSG § 2K2.1 cmt. n.1 (stating the term "crime of violence" for purposes of the base offense level of twenty set out in § 2K1.2(a)(4) "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2"). Valgara, however, argued he should be sentenced below the advisory guidelines range based on a consideration of the § 3553(a) factors.

Section 3553(a)(6) requires district courts to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Valgara argued his prior conviction for third-degree assault was a relatively minor offense and contrasted sharply with the more serious nature of other crimes triggering the application of the base offense level of twenty under USSG § 2K2.1(4)(A). *See United States v. Trujillo-Terrazas*, 405 F.3d 814, 819-20 (10th Cir. 2005) (concluding that an analysis of the factors set out in § 3553(a) properly includes consideration of the factual nature of prior convictions). Valgara asserted his situation is more analogous to that of a prohibited person[2] without a prior crime-of-violence conviction subsequently convicted of violating 18 U.S.C. § 922(g)(1). Accordingly, he urged the district court to sentence him as though a base offense level of fourteen applied, arguing such a sentence would achieve the objective of imposing uniform sentences on defendants convicted of similar conduct. *See* USSG § 2K2.1(a)(6) (assigning a base offense level of fourteen to prohibited persons convicted of unlawful possession of a firearm).

The district court denied Valgara's request, stating:

The Base Offense Level is 20. There is simply no way to avoid that. To do as the parties are suggesting here would be just a flagrant misapplication of the guidelines. The Tenth Circuit is very clear, this is a crime of violence, and we might as well toss the guidelines

---

[2]For purposes of §2K2.1(a)(4) and (a)(6), a prohibited person is "any person described in 18 U.S.C. § 922(g) or § 922(n)." USSG § 2K2.1, cmt. n.3.

out the window if we don't apply them in an intellectually honest manner. And I just don't think that's intellectually honest.

Valgara argues the district court's statement "evidences a complete misapprehension of the discretion that *Booker* explicitly restored to sentencing judges." We disagree. A review of the complete transcript of the sentencing hearing demonstrates the district court was fully aware of its sentencing discretion and its obligation to consider the factors set forth in 18 U.S.C. § 3553(a). Valgara, quite simply, was asking the district court to use that discretion as an end-run around the application of USSG § 2K2.1(a)(4)(A) by applying a guidelines range identical to one calculated without regard to his prior third-degree assault conviction. The court's comment at sentencing reflects the court's view that such an approach would be tantamount to wholly ignoring the effect of Valgara's prior conviction on the calculation of his base offense level and, hence, his advisory guidelines range. The district court was unwilling to take this approach, concluding it would be a "flagrant misapplication of the guidelines" and a disregard of circuit precedent. The court's refusal to exercise its discretion in the manner sought by Valgara was not procedurally unreasonable.

Valgara also argues the district court failed to adequately explain its reasoning for denying him a variance from the advisory guidelines range. After entertaining all Valgara's arguments, the court stated,

> The defendant has moved for an imposition below the guideline range recommended by the Sentencing Commission on the grounds

that the statutory factors do not justify following the guidelines here. The Court disagrees with the exception of the guideline departure for overrepresentation of his criminal history. The Court believes that the guideline sentence adequately reflects the balancing of all the factors specified in Title 18 United States Code Section 3553(a).

Because Valgara did not raise this procedural challenge during the sentencing hearing, the issue is reviewed for plain error. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007). Thus, Valgara must demonstrate "(i) error, (ii) that is plain, which (iii) affects [his] substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* It is unnecessary for this court to analyze all four plain error factors because it is clear the district court did not commit error when it sentenced Valgara.

We have recently held that "a specific discussion of Section 3553(a) factors is not required for sentences falling within the ranges suggested by the Guidelines." *Id.* at 1202. Because Valgara does not dispute his sentence falls within a properly calculated guideline range, the district court was not required to specifically explain why it rejected each argument he made in support of his request for a below-guidelines sentence. *See United States v. Jarrillo-Luna*, 478 F.3d 1226, 1230 (10th Cir. 2007) ("[A] district court's duty to explain why it chose the given sentence does not also require it to explain why it decided against a different sentence."). It is clear from the record, including the district court's statement, that the court considered Valgara's arguments, the Guidelines, and the

factors set forth in 18 U.S.C. § 3553(a). Thus, the court satisfied its procedural obligation to indicate it did not "rest on the guidelines alone, but considered whether the guideline sentence actually conforms, in the circumstances to the statutory factors." *Id*. (quotation omitted). Accordingly, Valgara has not shown the sentence imposed by the district court was procedurally unreasonable.

B.      *Substantive Reasonableness*

Valgara concedes his sentence falls within a properly calculated guidelines range but nevertheless argues it is substantively unreasonable. When a district court "correctly applies the Guidelines and imposes a sentence within the applicable Guidelines range, that sentence is entitled to a rebuttable presumption of reasonableness." *United States v. Townley*, 472 F.3d 1267, 1276 (10th Cir. 2007) (quotation omitted). Consistent with *Booker*, our "[r]easonableness review is guided by the factors set forth in 18 U.S.C. § 3553(a)." *Kristl*, 437 F.3d at 1053. Those factors "include the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment." *Id*. Valgara presents several arguments that his sentence is unreasonable in light of the § 3553(a) factors, including (1) his criminal history overstates the seriousness of his criminal past and is not predictive of future recidivism, (2) his Social Security records indicate he has an excellent employment history, (3) he is the sole source of support for

-10-

his wife and four children, (4) the crime of conviction was atypical because the gun was not loaded and it was not used in the commission of another offense, and (5) his criminal activity ceased three years ago when he addressed his alcohol abuse problem.  Having reviewed and considered Valgara's arguments, we conclude they are insufficient, both individually and in the aggregate, to rebut the presumption of reasonableness regarding his sentence.[3]

## IV.    Conclusion

The sentence imposed by the district court is both procedurally and substantively reasonable.  Accordingly, the judgment of the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[3]Even in the absence of the *Kristl* presumption, we would conclude Valgara's sentence is substantively reasonable.