F I L E D
**United States Court of Appeals
Tenth Circuit**

**August 1, 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DALE CLAYTON,

Defendant - Appellant.

No. 04-3394

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 03-CR-40045-SAC)**

Submitted on the Briefs: *

Raymond P. Moore, Federal Public Defender and Jill M. Wichlens, Assistant
Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Eric F. Melgren, United States Attorney and James A. Brown, Assistant United
States Attorney, Topeka, Kansas, for Plaintiff-Appellee.

Before **SEYMOUR** , **HARTZ** , and **McCONNELL,** Circuit Judges.

**HARTZ** , Circuit Judge.

---

*After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

Defendant Dale Clayton pleaded guilty to one count of distribution of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The plea agreement included the following waiver of his right to appeal his conviction and sentence:

> **9. <u>Waiver of Appeal and Collateral Attack</u>.** Defendant knowingly and voluntarily waives any right to any appeal or collateral attack on any matter in connection with this prosecution and sentence, except that defendant reserves the right to appeal the district court's finding relating to offense conduct or relevant conduct pursuant to U.S.C.G. § 1B1.3. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guidelines range determined by the court.

Plea Agreement ¶ 9, R. Vol. I Doc. 35. The issue before us is whether the waiver is enforceable when the government did not file a timely motion to dismiss the appeal under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). We hold that it is.

Based on Defendant's prior convictions, the presentence report (PSR) concluded that he was a career offender. *See* United States Sentencing Guidelines (USSG) § 4B1.1. His base offense level of 32, *see* USSG § 4B1.1(b)(C), reduced three levels for acceptance of responsibility, *see* USSG § 3E1.1(a)-(b), yielded a total offense level of 29. The resulting guidelines range at criminal history category VI, *see* USSG § 4B1.1(b), is 151 to 188 months.

-2-

Defendant filed four objections to the PSR, none related to the career-offender determination. All were mooted by that determination, because a career offender convicted of Defendant's offense is subject to a minimum base offense level of 32 and a criminal-history category of VI. *See* USSG § 4B1.1(b)(C). On September 24, 2004, the district court sentenced Defendant to 151 months' imprisonment.

On appeal Defendant argues that it was structural error under *United States v. Booker*, 125 S.Ct. 738 (2005), for the district court to sentence him under mandatory guidelines. We have recently held that a knowing and voluntary waiver may preclude an appeal based on *Booker* error if the error is within the scope of the waiver. *Compare United States v. Maldonado,* __ F.3d __, 2005 WL 1395112 (10th Cir. 2005) (per curiam) (*Booker* error was waived) *and United States v. Taylor*, __ F.3d __, 2005 WL 1519115 (10th Cir. 2005) (*Booker* error was outside scope of waiver).

Defendant suggests only one reason why the waiver is unenforceable: Citing *Hahn*, 359 F.3d at 1328, he notes the government's failure to file a timely motion to enforce the waiver. In *Hahn* this court established a procedure by which the government could enforce appeal waivers in criminal cases before having to address the merits of the appeal. We held that the government could file a "Motion for Enforcement of the Plea Agreement," and announced that Tenth

Circuit Rule 27.2(A)(1) would be amended to allow the government to file such a dispositive motion. *Hahn*, 359 F.3d at 1328.

Rule 27.2(A) presently provides:

**(A)    Motions to dismiss or affirm.**
**(1)    *Types.*** A party may file only the following dispositive motions:
    (a)    a motion to dismiss the entire case for lack of appellate jurisdiction;
    (b)    a motion for summary disposition because of a supervening change of law or mootness; or
    (c)    a motion to remand for additional trial court or administrative proceedings.
. . .
**(3)    Time to file.** The motion must be filed within 15 days after the notice of appeal is filed. A motion filed later must explain why it could not have been filed in the 15-day period.
. . .

The core of Defendant's argument is Paragraph 3, which requires the motion to be filed within 15 days of the notice of appeal.

The government relies on Paragraph 3's exception to the 15-day limit when delayed filing is properly explained. It argues that its failure to file within 15 days of the notice of appeal is excusable because "the defendant did not identify his grounds for appeal until submission of his opening brief." Aplee. Br. at 14. It contends that it could not have known whether Defendant's unidentified grounds were among those excepted from the waiver.

This argument is dubious on two grounds. First, the district court did not depart upward from the guidelines range, so the government could assume that the

appeal fell within the waiver.  Second the government knew the grounds of appeal when it received Defendant's brief, but it still did not seek enforcement of the waiver for another 20 days.

But all this is beside the point.  The government seeks enforcement of the waiver in its brief, not by motion.  Nothing in Rule 27.2 provides that a contention that <u>can</u> be raised by motion <u>must</u> be raised by motion, on pain of forfeiture.  Rather, Rule 27.2 is a convenience to parties who have motions that, if meritorious, moot issues that would otherwise need to be briefed.  The 15-day deadline for filing such motions prevents the tactical use of a motion to delay briefing.  Certainly, failure to file a motion under Rule 27.2(A)(1)(a) to dismiss for lack of appellate jurisdiction does not foreclose raising the issue in a brief, or even at oral argument, because lack of jurisdiction can be raised at any time in the proceedings, *see United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994)("[A] challenge to the court's jurisdiction may be raised at any time. . . .").  And we remand for additional proceedings based on arguments in the briefs without considering whether the issue was waived by failure to file a motion under Rule 27.2(A)(1)(c).  *See Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996).

Nor does anything in *Hahn* require the government to file a Rule 27.2 motion to enforce a waiver of the right to appeal.  *Hahn's* stated purpose in allowing a Rule 27.2 motion was "[t]o preserve the benefit of the government's

bargain." *Hahn*, 359 F.3d at 1328. We approved this procedure because our prior practice of referring the government's motion to dismiss to the merits panel and ordering briefing on the merits "in effect, rob[bed] [the government] of the benefit of its bargain." *Id.* But the government is still free to forego some of the benefit—not being required to file a brief addressing the merits—without losing the entire benefit. A Rule 27.2 motion is one method whereby the government may choose to enforce the waiver, but the rule does not prevent the government from seeking enforcement through other means, such as its brief on the merits.

Because Defendant's appeal is within the scope of an enforceable waiver, we need not address the merits. The appeal is DISMISSED.