**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NICOLE WRIGHT,

    Defendant - Appellant.

No. 04-2030
(D.C. No. CR-02-1987)
(D.N.M.)

---

**ORDER**

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[*]

---

Defendant-Appellant Nicole Wright seeks to appeal her sentence for

conspiring to manufacture methamphetamine, 21 U.S.C. §§ 841 and 846, and

attempting to manufacture methamphetamine, 21 U.S.C. §§ 841 and 846.  The

government has moved this court to enforce the provision in its plea agreement

with Ms. Wright waiving her right to appeal the sentence of the district court.

Our jurisdiction arises under 28 U.S.C. § 1291.  Because we hold that Ms. Wright

waived her right to appeal her sentence by knowingly and voluntarily entering

---

[*] After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

into the plea agreement, we grant the government's motion to enforce the plea agreement and dismiss the appeal.

Background

The parties are familiar with the facts in this case, and we need only repeat those pertinent to our discussion here. On March 5, 2003, the defendant entered into a plea agreement with the government. The agreement detailed the maximum penalty for her offenses and noted her comprehension "that determination of the sentencing range or guideline level, as well as the actual sentence imposed, is solely in the discretion of the Court." Plea Agree. at 3. In addition, the agreement contained the following waiver of appellate rights:

> The defendant is aware that Title 18, United States Code, § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal any sentence within the applicable guideline range as determined by the court after resolution of any objections by either party to the presentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the court in resolving any contested sentencing factor. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range as determined by the court.

Id. at 5-6. The district court entered judgment in the case on February 3, 2004, sentencing the defendant to 135 months in prison. Ms. Wright timely noticed appeal on February 13, 2004. On August 18, 2004, after briefing in this case had

commenced, the government filed a motion to enforce the plea agreement.

On appeal, Ms. Wright alleges the district court erred in the following respects: (1) applying an upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1; (2) denying Ms. Wright a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1; (3) applying a three level upward adjustment for environmental harms pursuant to U.S.S.G. § 2D1.1(b)(5)(B) (2003); (4) applying sentencing enhancements in contravention of the rule propounded in United States v. Booker, 125 S. Ct. 738, 755-56 (2004). While denying error, the government urges that Ms. Wright has waived her right to appeal.

Discussion

Because the issue is dispositive, we must first determine whether the government's motion to enforce the plea agreement should be granted. We have both "statutory and constitutional subject matter jurisdiction over appeals when a criminal defendant has waived his appellate rights in an enforceable plea agreement." United States v. Hahn, 359 F.3d 1315, 1324 (10th Cir. 2004). "Given the importance of plea bargaining to the criminal justice system, we generally enforce plea agreements and their concomitant waivers of appellate rights." Id. at 1318.

I.  Timeliness of the Government's Motion

As a preliminary matter, Ms. Wright argues that the government's motion should be denied as untimely and that this court should proceed to an examination of the merits of her appeal.  Ms. Wright's argument centers on the new procedure we established in Hahn for the enforcement of plea agreements.  359 F.3d at 1328.  In that case, we announced that 10th Cir. Rule 27.2 would be amended to permit the government to file a "Motion for Enforcement of the Plea Agreement." Id.  Rule 27.2 requires a party to file a dispositive motion within fifteen days of the notice of appeal.  10th Cir. R. 27.2(A)(3).  If the motion is filed after fifteen days, the party must provide explanation for the delay.  Id.  The government's motion in this case was not filed until August 18, 2004, long after the expiration of the fifteen day period.  Nor did it contain an explanation for the delay.  As a result, Ms. Wright contends that the motion is time barred.  This argument is foreclosed, however, by our decision in United States v. Clayton, ___ F.3d ___, 2005 WL 1799819, at *2 (10th Cir. Aug. 1, 2005).  As we explained in Clayton, "[n]othing in Rule 27.2 provides that a contention that *can* be raised by motion *must* be raised by motion, on pain of forfeiture." Id. (emphasis in original).  The government is free to forego the benefit provided by Rule 27.2 and seek enforcement of a valid waiver as part of its brief on the merits.  Id.

## II.  Enforcement Analysis

When determining whether to enforce a particular waiver, we inquire (1) whether the issue on appeal falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived her rights, and (3) whether enforcing a waiver would constitute a miscarriage of justice.  Hahn, 359 F.3d at 1325.

### A.  Scope

In determining the scope of a waiver of appellate rights, we strictly construe the agreement, reading any ambiguities against the government.  Id. Having carefully reviewed the plea agreement in this case, it is clear that the waiver of appellate rights contained therein encompasses Ms. Wright's appeal. Ms. Wright's substantive arguments touch on the district court's determination with respect to contested sentencing factors.  In that the "defendant specifically agree[d] not to appeal the determination of the court in resolving any contested sentencing factor," Plea Agree. at 5, the language of the plea agreement embraces the instant appeal.

### B.  Knowing and Voluntary

When determining whether the defendant has entered into a plea agreement knowingly and voluntarily, we (1) examine the language of the plea agreement and (2) look for an adequate Federal Rule of Criminal Procedure 11 colloquy. Hahn, 359 F.3d at 1325.  After reviewing both the plea agreement and the

transcript of the sentencing hearing, we are satisfied that Ms. Wright's waiver of appellate rights was both knowing and voluntary. In fact, Ms. Wright does not argue that the language of the agreement and the Rule 11 colloquy were insufficient. Rather, her principal argument with respect to this element is that she could not have knowingly and voluntarily agreed to a waiver of the right to appeal a legally erroneous sentence. Resp. to Motion for Enforcement of Plea Agree. at 5-6. Ms. Wright's argument is foreclosed by our precedent. In fact, it is precisely the argument we rejected in Hahn. 359 F.3d at 1326-27.

C. Miscarriage of Justice

Finally, in determining whether a waiver of appellate rights is enforceable, we seek to ascertain whether enforcement will result in a miscarriage of justice. Id. at 1327. A miscarriage of justice will only result "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." Id. (citing United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" where the alleged error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993)(internal citation omitted; alteration in original); see also Hahn, 359 F.3d at 1327.

Although Ms. Wright's argument in this regard is less than clear, she appears to assert that her waiver of appellate rights is otherwise unlawful because the district court erred in enhancing her sentence for obstruction of justice, U.S.S.G. § 3C1.1, and environmental hazard, U.S.S.G. § 2D1.1(b)(5)(B). She further asserts that under the rule propounded in Booker, 125 S. Ct. at 756 (holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"), would render enforcement of the waiver in the instant case a miscarriage of justice.

First, we can discern no error in the district court's determination of the contested sentencing factors, much less error that would "affect[] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732. We find that Ms. Wright's disappearance during the course of an undercover operation, cessation of rendering assistance and information, use of drugs, and lying about her identity, amply support an enhancement for obstruction of justice under U.S.S.G. § 3C1.1. Moreover, facts establishing the presence of chemicals used in the methamphetamine production process at Ms. Wright's lab, coupled with exposure and risk to others, were sufficient to support an enhancement for environmental hazard under U.S.S.G. § 2D1.1(b)(5)(B). Indeed, these facts were

based on Ms. Wright's own admissions. See PSR at ¶¶ 5-6. Finally, although the district court apparently did not make explicit factual findings, such findings were contained in the presentence report adopted by the court, see United States v. Bell, 154 F.3d 1205, 1211-12 (10th Cir. 1998), and as noted fully support the district court's determination.

Second, Ms. Wright's arguments with respect to Booker are foreclosed by our decision in United States v. Porter, 405 F.3d 1136, 1144-45 (10th Cir. 2005). In Porter, we held that a sentence imposed in violation of the rule propounded in Booker did not render an enforceable waiver of appellate rights "otherwise unlawful." Id. As we emphasized therein, "[t]he essence of plea agreements . . . is that they represent a bargained-for understanding between the government and criminal defendants in which each side foregoes certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters. *One such risk is a favorable change in the law*." Id. at 1145 (emphasis added). In that the district court's determinations were clearly lawful under then-existing law, Ms. Wright cannot disturb them on the basis of a change in law unforeseeable to either party to the agreement. This is especially the case where Ms. Wright did not reserve the right to appeal based on subsequent changes in the law. See United States v. Allen, No. 04-6283, 2005 WL 1349984, at *2-3 (10th Cir. June 8, 2005) (involving an express reservation of the right to appeal based

on a subsequent change in the law).

Based on the foregoing, we hold that Ms. Wright's plea agreement is valid and enforceable. Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS the appeal. Those documents filed provisionally under seal shall remain sealed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge