**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY VINCENT ROBINSON,

Defendant-Appellant.

No. 05-5032

(N.D. Oklahoma)

(D.C. No. 04-CR-102-SEH)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On September 24, 2004, Anthony Vincent Robinson pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). As part of the plea agreement, Mr. Robinson expressly waived his right to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal the district court's sentence if the sentence was within the guideline range applicable to the statute of conviction as determined by the district court. Despite the appellate waiver, Mr. Robinson challenges the district court's calculation of his base offense level and criminal history category on appeal. For the reasons described below, we enforce Mr. Robinson's waiver of appellate rights and dismiss his appeal.

## I. BACKGROUND

In his September 2004 plea agreement, Mr. Robinson admitted that in September 2003 he "possessed several graphic image files depicting minors engaged in sexually explicit conduct. [He] received those images by downloading them through use of a computer." Rec. vol. I, doc. 21, at 7 (Plea Agreement, filed Sept. 24, 2004). He used a computer file-sharing program called "KaZaA" to download graphic image files "by searching the Internet to find other 'KaZaA' users who had graphic image files depicting minors engaged in sexually explicit conduct." *Id.* Between approximately February 2003 and February 2004, he used the "KaZaA" program to download many of these graphic image files to his "KaZaA" shared folder. *Id.* at 7-8. The files in Mr. Robinson's shared folder were "immediately . . . available to any individual who was using the 'KaZaA' program on a computer and who searched the Internet using certain search terms

associated with the graphic image files contained in [his] 'KaZaA' shared folder. *Id.* at 8.

His plea agreement also contained an express waiver of certain rights to a direct appeal. It stated:

> In consideration of the promises and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily agrees to the following terms:
>
> a.  the Defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291; and,
>
> b.  the Defendant waives the right to appeal the sentence when the sentence is within the guideline range applicable to the statutes of conviction as determined by the district court. The Defendant also waives the right to appeal all *ex post facto* claims related to the application of the sentencing guidelines used by the district court; and
>
> c.  the Defendant reserves the right to appeal an upward departure by the district court from the sentencing guideline range under U.S.S.G. § 5K2; or, when the sentence exceeds the statutory maximum . . . .

*Id.* at 3.

In the plea agreement, Mr. Robinson further stipulated that (1) his sentence would "be determined under the United States Sentencing Guidelines;" (2) he waived "any right to have the facts that determine his offense level . . . be alleged in an indictment and found by a jury beyond a reasonable doubt;" and (3) he waived "all constitutional challenges to the United States Sentencing Guidelines." *Id.* at 5.

During the plea hearing, the district court informed Mr. Robinson that, by pleading guilty, he was giving up his rights to a jury under the Sixth Amendment and consenting to "judicial facts [sic] finding in all respects, both as guilt or innocence and as to sentencing." Rec. vol. I, doc. 30, at 5 (Hr'g on Change of Plea, dated Sept. 24, 2004). The district court specifically directed Mr. Robinson's attention to the waivers of constitutional and appellate rights, and Mr. Robinson stated that he understood the waivers and consulted with his attorney about them. *Id.* at 13-14. The court also informed Mr. Robinson that the maximum statutory penalty for his offense was ten years' imprisonment and/or a $250,000 fine. *Id.* at 9-10.

After reviewing the terms of the plea agreement with Mr. Robinson, the court accepted his plea and stated:

> [B]ased upon your admissions, your sworn petition to enter a plea of guilty, your demeanor, your clear statements and responsive answers, the Court finds that there is a factual basis for your plea of guilty; further that your plea of guilty is made voluntarily and with a full understanding of the charges against you and with a full knowledge of the consequences of such plea of guilty. The Court therefore accepts your plea of guilty and finds that you are guilty as charged.

*Id.* at 17-18.

The pre-sentence report recommended an offense level of 26 and criminal history category III, with a sentencing range of 78 to 97 months' imprisonment. On February 18, 2005, the district court sentenced Mr. Robinson to 80 months'

imprisonment, followed by three years' supervised release. As set forth in the plea agreement, the government dismissed the remaining eleven counts of the twelve-count indictment.

## II. DISCUSSION

On appeal, Mr. Robinson contends the district court erred by sentencing him under a base offense level of 17 for "trafficking" materials depicting a minor engaged in sexually explicit conduct. *See* U.S.S.G. § 2G2.2.[1] Rather, Mr. Robinson argues that he should have been sentenced under a base offense level of 15 for "possession" of such materials. *See* U.S.S.G. § 2G2.4. He also argues that the district court erred when it (1) added one criminal history point for a deferred judgment later expunged from his record, and (2) added his prior conviction for actual physical control of a motor vehicle to his criminal history category's calculation.

The government maintains that we should enforce Mr. Robinson's appellate waiver and dismiss his appeal. Because the waiver may be dispositive of Mr. Robinson's appeals, we first determine whether to enforce the agreement between him and the government. *See United States v. Clayton*, 416 F.3d 1236, 1238 (10th

---

[1]The parties do not dispute application of the 2003 edition of the Guidelines. Effective November 1, 2004, Section 2G2.4 was deleted by consolidation with Section 2G2.2.

Cir. 2005) (concluding that the government may enforce a waiver of appellate rights through its brief on the merits).

This circuit "generally enforce[s] plea agreements and their concomitant waivers of appellate rights." *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004) (en banc). In considering how to resolve appeals brought by defendants who have waived certain appellate rights in a plea agreement, we must determine (1) if an appeal falls within the scope of the appellate waiver; (2) whether the defendant's waiver of appellate rights was knowing and voluntary; and (3) whether enforcement of the appellate waiver would result in a miscarriage of justice. *Id.* at 1325. In his reply brief, Mr. Robinson does not challenge the first two factors under *Hahn* and only argues that enforcement of the waiver would constitute a miscarriage of justice. Aplt's Reply Br. at 1-3.

1.      *Scope of the appellate waiver*

The language of Mr. Robinson's plea agreement encompasses his appeal. Under the waiver, he "knowingly and voluntarily waive[d]" his "right to appeal the sentence when the sentence is within the guideline range applicable to the statutes of convictions as determined by the district court." Rec. vol. I, doc. 21, at 3-4. The waiver contained two exceptions: "the right to appeal an upward departure by the district court from the sentencing guideline range under U.S.S.G. § 5K2; or, when the sentence exceeds the statutory maximum." *Id.* Mr.

Robinson's claims on appeal–that the district court applied a wrong Guidelines provision and miscalculated his criminal history category–do not fall within those exceptions. In addition, the sentence of 80 months' imprisonment falls within the "statutory maximum" of ten years' imprisonment under 18 U.S.C. § 2252(a)(4)(B) and (b)(2). *See United States v. Green*, 405 F.3d 1180, 1194 (10th Cir. 2005) (concluding that the term "statutory maximum," in a plea agreement permitting an appeal in the limited circumstance of a sentence exceeding the statutory maximum, refers to the maximum penalty for the statute of conviction).

2.    *Knowing and voluntary waiver*

In determining whether a defendant's waiver of his right to appeal is made knowingly and voluntarily, we consider (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) whether there is "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. The defendant bears the "burden to present evidence from the record establishing that he did not understand the waiver." *Id.* at 1329 (quoting *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003)).

Mr. Robinson does not contend on appeal that he entered the agreement unknowingly or involuntarily. As noted above, he stipulated in the plea agreement that he "knowingly and voluntarily waive[d]" his "right to appeal the

sentence when the sentence is within the guideline range applicable to the statutes of convictions as determined by the district court." Rec. vol. I, doc. 21, at 3-4. Further, at the plea colloquy, Mr. Robinson stated that he understood the charges, the factual basis for the plea, and his waiver of constitutional and appellate rights. *Id.*, doc. 30, at 7-8, 14-15. In light of these acknowledgments, the district court found that his "plea of guilty [was] made voluntarily and with a full understanding of the charges against [him] and with a knowledge of the consequences of such plea of guilty." *Id.* at 18. Thus, Mr. Robinson knowingly and voluntarily waived his appellate rights.

3. *Miscarriage of justice*

Finally, we consider whether enforcement of Mr. Robinson's waiver would result in a miscarriage of justice. Mr. Robinson claims that he "could not reasonably have been expected to answer in the affirmative if asked when he pled guilty if he was waiving the rights to appeal use of the wrong guideline or use of a wrongly-found fact." Aplt's Reply Br. at 2.

"[E]nforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of . . . four situations . . . ." *Hahn*, 359 F.3d at 1327. Those circumstances include (1) "the district court's reli[ance] on an impermissible factor such as race;" (2) "ineffective assistance of counsel in connection with the negotiation of the [appellate] waiver;" (3) "where the

sentence exceeds the statutory maximum;" or (4) "where the error is otherwise unlawful." *Id.* (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). For Mr. Robinson to satisfy the fourth circumstance, the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *Hahn*, 359 F.3d at 1327.

Mr. Robinson offers no arguments under the first two situations. As to the third exception, the district court's sentence did not exceed the statutory maximum of ten years' imprisonment. *See Green*, 405 F.3d at 1194.

Further, Mr. Robinson cannot show that the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings. He "bears the burden of persuasion on this point." *United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir. 2005).

> The factors we consider include whether the plea agreement stated the appropriate statutory maximum, informed the defendant that he was giving up multiple constitutional and appellate rights in exchange for concessions from the government, and implied that the sentence would be imposed in accordance with the guidelines then in effect. We also review whether the defendant's sentence conforms with the terms of the plea agreement and the defendant's understanding of the plea.

*Id.* at 1234.

We have carefully reviewed the briefs and record on appeal and conclude that the sentence complies with the terms of the plea agreement and Mr. Robinson's understanding at the plea hearing. The plea agreement appropriately

stated the statutory maximum of ten years' imprisonment for his offense, and he recognized under the agreement that "the Court has the final discretion to impose any sentence up to the statutory maximum." Rec. vol. I, doc. 21, at 12. His sentence was below the statutory maximum, and was within the applicable Guidelines range of 78 to 97 months as determined by the district court. Further, the plea agreement stipulated that his sentence would be determined under the Guidelines.

Therefore, we enforce Mr. Robinson's appellate waiver with respect to the issues raised on his appeal because (1) his sentencing challenges fall within the scope of the waiver, (2) he knowingly and voluntarily waived his appellate rights, and (3) enforcement of the waiver does not result in a miscarriage of justice.

## III. CONCLUSION

Accordingly, we ENFORCE Mr. Robinson's waiver of appellate rights and DISMISS the appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge