FILED
United States Court of Appeals
Tenth Circuit

February 7, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DALE CLAYTON,

Defendant-Appellant.

No. 07-3267

(D. Kansas)

(D.C. Nos. 07-CV-4016-SAC and
03-CR-40045-SAC)

---

**ORDER**

---

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Dale Clayton, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's order denying his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The district court denied his § 2255 motion as untimely, because it was filed more than a year after his conviction became final. For the reasons explained below, we deny Mr. Clayton's request for a COA, and dismiss the matter.

## I. BACKGROUND

Mr. Clayton pleaded guilty to one count of distribution of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The plea agreement included a waiver of both direct appeal

and collateral attack. The district court sentenced Mr. Clayton to 151 months' imprisonment, which was the bottom of the applicable sentencing guideline range. Mr. Clayton appealed to this court, alleging a violation of *Booker*. We rejected his appeal, because it was "within the scope of an enforceable waiver." *United States v. Clayton*, 416 F.3d 1236, 1239 (10th Cir. 2005). We issued the mandate on September 12, 2005. Mr. Clayton sought a writ of certiorari from the United States Supreme Court, which the Court denied on January 6, 2006. Mr. Clayton filed his § 2255 motion on January 29, 2007, which the district court denied.

## II. DISCUSSION

The district court construed Mr. Clayton's "notice of appeal" as an application for a COA, which it denied. A COA may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a district court has dismissed a habeas petition on procedural grounds, a certificate will only issue when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We construe Mr. Clayton's pro se petition

and appellate filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

Mr. Clayton filed his § 2255 motion on January 29, 2007, which he concedes exceeded the governing one-year limitation period under § 2255 ¶ 6(1). However, Mr. Clayton argues that he is entitled to equitable tolling because he diligently pursued assistance in filing his § 2255 motion. We agree with the district court that Mr. Clayton's "vague and conclusory allegation that he could not find any reliable assistance for eleven months is insufficient to support equitable tolling." Rec. doc. 86, at 4-5. He has failed to demonstrate that his "failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

## III. CONCLUSION

Because jurists of reason would not find the district court's conclusions debatable, we DENY Mr. Clayton's request for a COA, and DISMISS the matter.

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk