**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LARRY EVANS,

      Defendant-Appellant.

No. 09-6136
(D.C. No. 5:05-CR-00250-F-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Larry Evans pled guilty to one count of possession with intent to distribute

marijuana, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 108

months' imprisonment followed by 5 years of supervised release. As part of his

plea agreement, Mr. Evans waived the right to appeal his sentence if it fell within

the applicable Guidelines range. Nevertheless, Mr. Evans now does just that,

arguing that the district court improperly considered evidence of cocaine

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession when it calculated his sentence and that his trial counsel provided constitutionally ineffective assistance. Mr. Evans's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising us that he discerns no colorable basis for the appeal, and seeking leave to withdraw. Because our own review likewise reveals no colorable basis for an appeal in this case, we grant the attorney's motion to withdraw and dismiss this appeal.

\* \* \*

In late 2005, Trooper John Terrell of the Oklahoma Highway Patrol pulled over Larry Evans for twice failing to signal before changing lanes. After receiving a warning citation from the officer, Mr. Evans consented to additional questioning and later to a search of his vehicle. In that search, Trooper Terrell found over 20 kilograms of cocaine and approximately 136 kilograms of marijuana. The United States indicted Mr. Evans for cocaine and marijuana possession and for traveling in interstate commerce in pursuit of an unlawful activity. On the advice of court-appointed trial counsel, Mr. Evans agreed to plead guilty to possession with intent to distribute marijuana, in exchange for which the government agreed to withdraw the cocaine charge and the other count. Mr. Evans also agreed to waive his right to appeal his conviction so long as his sentence was not above the Guidelines range as selected by the district court. At sentencing, the district court ruled that Mr. Evans was accountable for both the marijuana and the cocaine in his possession. Based upon a resulting total offense

level of 31 and a criminal history category of I, the Guidelines dictated a sentence of 108 to 135 months in prison. The court sentenced Mr. Evans to 108 months, the low end of the range.

\* \* \*

The Supreme Court's decision in *Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." 386 U.S. at 744. Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may then submit his own arguments for the court's consideration. *Id.* We must then "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

In his *Anders* brief, Mr. Evans's attorney argues that this appeal is wholly frivolous because the district court properly considered evidence of cocaine possession in calculating Mr. Evans's sentence. In addition, the attorney argues that two other potential bases for appeal — that Mr. Evans was denied access to legal material during his pre-plea incarceration and that his trial counsel was ineffective — are equally meritless. The government has filed a brief in support of the attorney's motion, yet the government argues that we need not reach the

merits of the potential claims because Mr. Evans waived his right to appeal any sentence within the applicable Guidelines range. Mr. Evans's attorney also noted the appellate waiver in his *Anders* brief, but did not rely upon it exclusively because the government had not yet sought to enforce it. Mr. Evans filed a motion on his own behalf, asserting as the non-frivolous bases for his appeal that the district court wrongly attributed the cocaine to him at sentencing and that his trial counsel was constitutionally ineffective. Because Mr. Evans is proceeding *pro se*, we liberally construe his filings. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Nonetheless, we agree with Mr. Evans's attorney and the government that the appeal waiver bars this appeal. We thus have no reason to consider any of Mr. Evans's potential arguments.

Defendants are bound by the terms of knowingly and voluntarily accepted plea agreements. *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). This includes any waiver of the right to appeal. *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (*en banc*). When presented with such a waiver, we will enforce it as long as: (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* at 1325. Although we will only enforce an appeal waiver when the government invokes the waiver against the defendant, the government's brief amply satisfies that requirement here. *See United States v.*

*Clayton*, 416 F.3d 1236, 1239 (10th Cir. 2005) ("Rule 27.2 . . . does not prevent the government from seeking enforcement [of the appeal waiver] through . . . its brief on the merits.").

In this case, we are bound to enforce Mr. Evans's waiver of appeal. First, Mr. Evans's appeal fits comfortably within the scope of his waiver. Mr. Evans primarily challenges the district court's consideration of his cocaine possession in determining the appropriate Guidelines range. As part of his plea agreement, however, Mr. Evans agreed to the following waiver:

> [D]efendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to . . . [a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction . . . .

Plea Agreement, R. Vol. I at 37-38. The only exceptions to this otherwise comprehensive waiver were for a sentence not "within or below the advisory guideline range determined by the Court to apply to this case." *Id.* at 38. Mr. Evans doesn't satisfy that exception in light of the fact that the district court selected a sentence within the applicable Guidelines range.

Second, the record indicates that Mr. Evans knowingly and voluntarily agreed to the guilty plea and the appellate waiver. At the plea hearing, the district judge conducted a thorough inquiry in which Mr. Evans informed the court that no one had forced him to plead guilty in any way, he was not under the influence of any drugs or alcohol, he had not recently been treated for mental

illness, he had received ample time to discuss the agreement with his attorney, and he understood the consequences of his plea. R. Vol. III at 4-5, 9. Mr. Evans also verbally agreed to all of the appellate waivers included in his plea agreement. *Id.* at 12-15. And in the plea agreement itself, when asked to describe the agreement as he understood it, Mr. Evans wrote in his own hand: "Both sides waive most appeal rights." R. Vol. I at 30.

Third, we have no reason to believe that enforcement of Mr. Evans's appeal waiver would result in a miscarriage of justice. For example, there is no suggestion of fraud or other misconduct by the government. Mr. Evans does allege that his trial counsel was constitutionally ineffective. However, except in extraordinary circumstances, claims of ineffective assistance of counsel "should be brought in collateral proceedings rather than on direct appeal from a conviction." *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006); *accord United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (*en banc*) ("[Ineffective assistance] claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel," *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir.2005), and the record before us offers no indication why we should depart from the general rule in this case.

Based on our review of the record, we agree with Mr. Evans's attorney that there is no colorable basis for appeal. Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge