**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES WADE SULLIVAN, a/k/a
Mailman, a/k/a James Sullivan,

      Defendant-Appellant.

No. 11-5139
(D.C. No. 4:11-CR-00043-CVE-3)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Facing several drug and conspiracy charges, James Sullivan struck a deal.
In return for the government's agreement to reduce his offense level, Mr. Sullivan
promised to plead guilty — and to waive "the right to directly appeal" any
sentence he might receive so long as it fell within the district court's statutory

---

[*] After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

power to issue. Despite this agreement, Mr. Sullivan now seeks to appeal his sentence, even though it was admittedly a statutorily permissible one.

Mr. Sullivan must have been pleased when, after he struck his deal, the district court decided to place him on probation. Under the applicable statutes, the court could have sentenced him to decades behind bars, and the government had asked the court to impose a prison term of at least a year. But Mr. Sullivan was likely less than pleased when the probation office noted his statutory eligibility for special sex offender probation conditions due to his previous 2001 sex offense conviction. And he was not at all pleased when the district court decided to impose certain sex offender probation conditions described in a 2008 order issued by all members of the Northern District of Oklahoma. Under the terms of that order, sex offenders placed on probation may be required to undergo testing and therapy, gain a probation officer's approval to have contact with children or possess pornography, and submit to monitoring of their computer activity. These are the conditions placed on his probation Mr. Sullivan now seeks to undo in this appeal.

For its part, the government says we cannot hear the merits of Mr. Sullivan's appeal because he waived the right to contest any sentencing conditions within the district court's statutory authority to impose — and the conditions he seeks to challenge were within the district court's authority to impose on previously convicted sex offenders. Seeking to avoid the force of this

syllogism, Mr. Sullivan does not dispute his statutory eligibility for the probation conditions imposed on him but offers various other replies instead.

First, he argues the government waived its right to enforce his appellate waiver — a waiver of the waiver, if you will. In Mr. Sullivan's estimation, the government waived its right to forestall this appeal by (1) failing to file a motion in this court seeking to enforce the plea agreement's appellate waiver provision, and (2) declining to oppose in the district court Mr. Sullivan's request to stay the imposition of the sex offender probation restrictions pending the resolution of this appeal. Taken together, he argues, these actions (or inactions) imply the government's intent to relinquish its right to enforce the appellate waiver contained in his plea agreement.

We cannot agree. Our rules and precedents indicate that the government *may*, before presenting its appellate brief on the merits, file with this court a motion to enforce an appellate waiver found in a plea agreement. This process sometimes permits the early resolution of cases without the need for full merits briefing. But our rules and precedents also make clear the government does *not* waive its right to enforce an appellate waiver by raising the issue for the first time in its brief on the merits: "Failure to file a timely motion to enforce an appeal waiver does not preclude a party from raising the issue in a merits brief." 10th Cir. R. 27.2(A)(3); *see also United States v. Clayton*, 416 F.3d 1236, 1238-39 (10th Cir. 2005) (same). The government's merits brief in this case expressly

-3-

invokes the appellate waiver against Mr. Sullivan. Given that and the teachings of our rules and precedents, we see no way we might infer on the government's part any intent to relinquish its rights under the plea agreement.

Neither does Mr. Sullivan identify any authority for the proposition that a party's acquiescence to a stay of a district court's sentence pending appeal intentionally relinquishes the right to contest an appeal of that order. And for good reason. A party's willingness to accede to a delay in the enforcement of a district court's judgment does not necessarily betoken or betray an intent to relinquish any right to its eventual enforcement. Surely parties can (and from time to time do) agree to defer enforcing favorable judgments for a period of time, pending the outcome of an appeal, without losing their entitlement to those judgments entirely and forever.

Even if the government hasn't waived its right to enforce the plea agreement, Mr. Sullivan argues it still isn't enforceable. Under this court's precedents, an appellate waiver contained in a plea agreement is enforceable so long as (1) the disputed appeal falls within the scope of the waiver, (2) the defendant knowingly and voluntarily waived his right to appeal, and (3) enforcing the waiver would not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). In Mr. Sullivan's view, his appellate waiver fails both the first and second prongs of this test.

On the first prong, Mr. Sullivan argues that any doubts about whether his probation restrictions fall within the scope of his appellate waiver must be resolved against the government. His plea agreement was a contract of adhesion, he insists, with terms the government imposed on him. And when it comes to adhesion contracts, he says, ambiguities should be resolved against the drafter and in accord with the "reasonable expectations" of the party on whom the contract was imposed.

Whatever other problems may attend this line of argument, the authority Mr. Sullivan asks us to rely upon, *Max True Plastering Co. v. U.S. Fid. & Guar. Co.*, 912 P.2d 861 (Okla. 1996), undoes it. That case, coming from Oklahoma where Mr. Sullivan struck his plea agreement, indicates that the "reasonable expectations" of the party on whom an adhesion contract is imposed control *only* when the challenged contractual language is "ambigu[ous]" or when its "exclusions are obscure or technical or . . . hidden." *Id.* at 868. In the plea agreement at issue here, however, Mr. Sullivan unambiguously and quite plainly waived the right to appeal *any* sentence permitted by statute. Just as plainly, probation conditions *are* parts of a defendant's sentence. *United States v. Sandoval*, 477 F.3d 1204, 1207 (10th Cir. 2007) ("Supervised-release conditions are part of the sentence . . . . '[T]he word "sentence" encompasses both prison time and periods of supervised release.'") (citation omitted). Neither (again) does Mr. Sullivan dispute that the probation conditions the district court imposed *were*

within its statutory power to issue on a previously convicted sex offender like himself. Given this, there is simply no ambiguity to construe against anyone in this case.

Even if his appellate waiver survives *Hahn*'s first prong, Mr. Sullivan submits it fails the second because he did not knowingly and voluntarily agree to a sentence including the probation conditions the district court imposed. Admittedly, he agreed to forgo any challenge to the sentence the district court might impose unless it exceeded the statutory maximum. Admittedly, the sentence he received, including the challenged probation restrictions, was within the court's statutory power to impose. Admittedly, he confirmed at his Rule 11 plea colloquy with the court that his decision to forgo any attack on a statutorily permissible sentence was knowing and voluntary. Still, Mr. Sullivan emphasizes, neither the plea agreement nor his plea colloquy with the court addressed the particular possibility of sex offender probation restrictions.

The difficulty with Mr. Sullivan's submission is that, when it comes to assessing whether an appellate waiver was knowing and voluntary, our controlling precedents warn against "focusing on the result of a proceeding, rather than on the right relinquished, in analyzing whether an appeal is unknowing or involuntary." *Hahn*, 359 F.3d at 1326 & n.12. Our precedents also indicate that an appellate waiver is valid even if the defendant was not aware of "the *specific detailed* consequences" of invoking the waived right, so long as he understood

"the nature of the right and how it would likely apply *in general* in the circumstances." *Hahn*, 359 F.3d at 1327 (quoting *United States v. Ruiz*, 536 U.S. 622, 629-30 (2002)) (emphasis in original).

That test was met in this case. Mr. Sullivan indicated his intent to relinquish any appeal of a statutorily permissible sentence. He was expressly informed in his Rule 11 colloquy that his sentence could include a term of probation, and that conditions could be imposed on his probation. In these circumstances, it is apparent that Mr. Sullivan understood the nature of the right he waived (appealing any portion of his sentence, including any probation restrictions) and was made generally aware of how it might apply (leaving him without recourse to contest on direct appeal any sentence, including any probation restrictions, within the court's statutory power to issue). The particular sex offender restrictions imposed here are precisely the sort of "specific, detailed consequences" *Hahn* says a sentencing court need not discuss in its Rule 11 colloquy. (Even so, it is apparent the court made at least some effort to highlight them. In its 2008 order, the court sought to alert in advance those with prior sex offense convictions of the restrictions they might expect while serving probation.)

Mr. Sullivan replies with a parade of horribles. If we hold his appellate waiver broad enough to encompass this appeal, he insists, it means his waiver is so all-encompassing that the district court just as easily could have sentenced him to a term of imprisonment within the statutory maximum and ordered him to be

chained during that whole period, employed at painful labor, denied any medical or other assistance, and disqualified for life from owning property.

He is surely mistaken. The terms of his appellate waiver limited the district court to sentences within the maximum permitted by statute. Mr. Sullivan points to no statute that would permit a court to impose the sort of sentencing conditions he imagines. Mr. Sullivan also neglects *Hahn*'s third and final inquiry, which permits this court to overturn even knowing and voluntary appellate waivers to correct miscarriages of justice. *See Hahn*, 359 F.3d at 1327. It would undoubtedly be a miscarriage of justice to allow the imposition of a sentence unauthorized by statute. And it would be no less a miscarriage to permit a sentence that, while statutorily authorized, offends the Eighth Amendment (in fact, the sentence he describes long ago *was* found impermissible under the Eighth Amendment, *see Weems v. United States*, 217 U.S. 349 (1910)). None of these disqualifying difficulties, however, applies to the lawful sentence the district court issued in this case. To be sure, the sex offender conditions imposed here might be beyond the court's authority to issue, statutorily or constitutionally, in other circumstances to other defendants never convicted of sex offenses. But that's an argument with no bearing on Mr. Sullivan who never disputes his statutory and constitutional susceptibility to the probation conditions he seeks to undo.

The appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge