**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEN EJIMOFOR EZEAH,

    Defendant - Appellant.

No. 17-6224
(D.C. No. 5:16-CR-00029-D-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

Ken Ejimofor Ezeah was indicted on 20 counts of conspiracy, wire fraud, and

aggravated identity theft arising out of a scheme to obtain money from wealthy widows

(Mr. Ezeah refers to the scheme as the "Romance Scam"). He accepted a plea agreement

with an appeal waiver and pled guilty to one count of conspiring to commit wire fraud in

violation of 18 U.S.C. § 1349. After he was sentenced to 132 months in prison, he

appealed. The United States moves to enforce the appeal waiver. Mr. Ezeah, proceeding

pro se, has responded. We enforce the waiver and dismiss this appeal.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. ANALYSIS

The United States may move in its merits brief to enforce a defendant's appeal waiver, *see United States v. Clayton*, 416 F.3d 1236, 1239 (10th Cir. 2005), as it has done here. In deciding whether to enforce an appeal waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Before analyzing those factors, however, we consider Mr. Ezeah's assertions that the government breached the plea agreement, because "an appellate waiver is not enforceable if the [g]overnment breaches its obligations under the plea agreement." *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008).

## A. *The Government Did Not Breach the Plea Agreement*

"A claim that the government has breached a plea agreement is a question of law we review de novo, even where the defendant failed to object at the time of the alleged breach." *United States v. Rodriguez-Delma*, 456 F.3d 1246, 1250 (10th Cir. 2006) (internal quotation marks omitted). "In interpreting a plea agreement, we rely on general principles of contract law, and therefore look to the express language in the agreement to identify both the nature of the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea." *Rodriguez-Rivera*, 518 F.3d at 1212-13 (citation and internal quotation marks omitted).

Mr. Ezeah identifies the alleged breach as the government's failure to move for a particular reduction in his offense level. But in the plea agreement the government promised only a three-level reduction for acceptance of responsibility—an adjustment that Mr. Ezeah duly received. The plea agreement does not require the government to file any other motions for a reduction.

Mr. Ezeah asserts that his counsel informed him that the government would file the additional motion. The record, however, offers little support for the conclusion that Mr. Ezeah reasonably understood that his plea deal included the alleged reduction. As stated, the plea agreement itself does not contain any such obligation. Mr. Ezeah confirmed both in writing and orally under oath that there were no additional terms beyond the terms of the written plea agreement, and he agreed with the prosecutor's plea-colloquy summary of the government's obligations, which did not include the additional reduction. Moreover, Mr. Ezeah's sentencing memorandum fails to support the alleged obligation, and he did not raise the issue in his objections to the presentence report or during his allocution.

The record contains only two references to the alleged obligation, both from the reconvened sentencing hearing.[1] One is a letter that Mr. Ezeah submitted to the court, and the other is his counsel's raising of the issue, at Mr. Ezeah's request, at the end of the hearing. But Mr. Ezeah's unsworn, post hoc statements cannot overcome the plain

_____

[1] The sentencing hearing abruptly terminated when Mr. Ezeah suffered a medical emergency during the pronouncement of sentence. The district court reconvened the sentencing hearing a week later.

3

language of the plea agreement and the remainder of the record evidence regarding the government's plea obligations, including his own prior sworn representations.

For these reasons, we conclude that the government was not obligated to move for the reduction claimed by Mr. Ezeah, and it therefore has not breached the plea agreement. Accordingly, we proceed to consider the government's request to enforce the appeal waiver.

## B. *The* **Hahn** *Factors are Satisfied*

### 1. **The appeal falls within the scope of the waiver**

First, we consider whether the appeal falls within the scope of the waiver. *Hahn*, 359 F.3d at 1325. The plea agreement provides that Mr. Ezeah "waives his right to appeal his guilty plea, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues" and "waives his right to appeal his sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined." First Supp. R., Vol. I at 12.[2]

With one exception, the issues Mr. Ezeah wishes to argue fall within the broad scope of the appeal waiver. The exception is for a claim of ineffective assistance of counsel in the negotiation of the plea or waiver, which cannot be waived, *see United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001). It has long been

---

[2] The waiver contains an exception allowing Mr. Ezeah to appeal the substantive reasonableness of his sentence if the court were to sentence him above the advisory Guidelines range. But this exception does not apply because the 132-month sentence Mr. Ezeah received was within the Guidelines range.

the rule, however, that ineffective-assistance claims generally should be raised in collateral proceedings under 28 U.S.C. § 2255. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). That is because "[a] factual record must be developed in and addressed by the district court in the first instance for effective review. . . . [A]t the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim." *Id.* at 1240. "This rule [of deferring ineffective-assistance claims to § 2255 proceedings] applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *see also Hahn*, 359 F.3d at 1327 n.13.

Notwithstanding Mr. Ezeah's protestations that this court should hear his ineffective-assistance claims in this direct appeal, the record is not sufficient for us to consider such claims. To the extent that Mr. Ezeah wishes to pursue claims of ineffective assistance of counsel, he therefore will have to do so by bringing a § 2255 motion.[3]

2. **The record fails to show that the waiver was not knowing and voluntary**

We next consider whether the waiver was knowing and voluntary. *Hahn*, 359 F.3d at 1325. In evaluating this factor, we generally examine the language of the plea agreement and the adequacy of the Fed. R. Crim. P. 11 plea colloquy. *Id.* It is Mr. Ezeah's burden "to provide support for the notion that he did not knowingly and voluntarily enter into his plea agreement." *Id.* at 1329; *see also United States v. Edgar*,

---

[3] The plea agreement's collateral-attack waiver explicitly excepts claims of ineffective assistance of counsel. *See* First Supp. R., Vol. I at 12.

5

348 F.3d 867, 872-73 (10th Cir. 2003) ("[The defendant] has the burden to present evidence from the record establishing that he did not understand the waiver.").

The plea agreement's waiver paragraph represents that the appeal waiver was knowingly and voluntarily accepted, and the paragraph just before the signatures acknowledged that Mr. Ezeah had discussed the provisions with his attorney and understood and accepted them. Mr. Ezeah also signed a petition to enter a plea of guilty stating that his plea was voluntary, that he was familiar with the terms of the plea agreement and understood them, and that his plea agreement reserved no rights for appeal.

During the plea colloquy, the district court noted the appeal waiver, and Mr. Ezeah confirmed his understanding that he had waived his right to appeal except under limited circumstances. He also confirmed that his plea and his waivers of his rights were "made voluntarily and completely of [his] own free choice," and denied that "anyone forced or pressured [him] into pleading guilty." R., Vol. I at 300-01. He asserted that he was "pleading guilty of [his] own free will because [he was], in fact, guilty," and stated that he was satisfied with his attorney's services. *Id.* at 306.

Mr. Ezeah informs this court that his plea was unknowingly and unintelligently made. But he identifies no record evidence to support these assertions.[4] To the contrary,

---

[4] We do not consider the declaration under penalty of perjury that Mr. Ezeah attached to his opening brief because our review is limited to the record before the district court. *See Edgar*, 348 F.3d at 872-73 (holding that the defendant could not merely deny that the agreement was knowing and voluntary, but had "to present *evidence from the record* establishing that he did not understand the waiver" (emphasis added)).

6

as discussed, the record fails to support any argument that the waiver was not knowing and voluntary.  *See United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (per curiam) ("A properly conducted plea colloquy, particularly one containing express findings, will, in most cases, be conclusive on the waiver issue, in spite of a defendant's post hoc assertions to the contrary.").

3. **The record does not establish that a miscarriage of justice would result from enforcing the waiver**

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice, as *Hahn* defines that term.  *Hahn*, 359 F.3d at 1325, 1327.  A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful."  *Id.* at 1327 (internal quotation marks omitted).  Only ineffective assistance of counsel potentially appears to be implicated here.  As stated above, however, any such allegations should be raised in a § 2255 proceeding.  *See Porter*, 405 F.3d at 1144; *Hahn*, 359 F.3d at 1327 n.13.

## III.  CONCLUSION

For these reasons, the government's motion to enforce the appeal waiver, made in its response brief, is granted.  This matter is dismissed without prejudice to Mr. Ezeah filing a § 2255 motion alleging ineffective assistance of counsel.  Mr. Ezeah's opening brief with attached declaration shall remain sealed.  The "Petition for Court's Disposition on a Suggestion for Rehearing En Banc," seeking rehearing en banc of the court's denial

7

of reconsideration of its denial of release pending appeal, is denied. *See* 10th Cir. R. 35.7

(providing that procedural and interim orders are not considered en banc), 40.3 ("The

court will accept only one petition for rehearing from any party to an appeal. No motion

to reconsider the court's ruling on a petition for rehearing may be filed.").

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge