**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

ARNOLD JOE ALFORD,

      Defendant - Appellant.

No. 04-7082
(D.C. No. 03-CR-93-W)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Arnold Joe Alford seeks to appeal his sentence for

possession of pseudoephedrine, a listed chemical, knowing that it would be used

to unlawfully manufacture methamphetamine. 21 U.S.C. § 841(c)(2). He was

sentenced at the bottom of the applicable guideline range of 210 months and two

years supervised release. On appeal, Mr. Alford contends that (1) the government

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

should have been compelled to file a U.S.S.G. § 5K1.1 motion for departure based upon his substantial assistance, and (2) he should be resentenced based upon United States v. Booker, 125 S. Ct. 738 (2005), having objected to a two-level firearms enhancement under U.S.S.G. § 2D1.11(b)(1).

The government addresses the first issue on the merits, but argues the second is precluded by a waiver of appellate rights in Mr. Alford's plea agreement. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm the district court regarding the § 5K1.1 motion because the government does not argue this claim is barred by the waiver. See United States v. Clark, __ F.3d __, 2005 WL 1799806, at *2 n.1 (10th Cir. July 29, 2005) (declining to address waiver issue where government did not raise the issue). We enforce the plea agreement and dismiss the appeal insofar as the Booker issue because Mr. Alford waived his right to appeal his sentence by knowingly and voluntarily entering into the plea agreement.

## Background

The parties are familiar with the facts in this case, and we need only repeat those pertinent to our discussion here. On November 24, 2003, Mr. Alford entered into a plea agreement with the government. The agreement detailed the maximum penalty for his offense and noted that the district court was not bound

by the agreement or any recommendations by the parties. Aplt. App. 19. Mr.

Alford agreed to cooperate with the government but the agreement specified that a

"motion for departure shall not be made, under any circumstances, unless

defendant's cooperation is deemed 'substantial' by the United States Attorney."

Id. at 17. Further, assuming the government made such a motion, the final

decision regarding whether a sentence reduction was warranted rested with the

district court. Id. at 19. In addition, the agreement contained the following

waiver of appellate rights:

> Both plaintiff and defendant specifically reserve the right to appeal any actual departure from the Presentence Report sentencing range found applicable by the Court after ruling on objections, if any, by plaintiff and defendant to such sentencing range.
>
> Defendant expressly waives the right to appeal defendant's sentence on any ground, except to challenge an upward departure from the applicable guideline range as determined by the Court. Defendant specifically waives any appeal rights conferred by Title 18, United States Code, Section 3742, any post-conviction proceedings, and any habeas corpus proceedings. Defendant is aware that Title 18, United States Code, Section 3742 affords defendant the right to appeal the sentence imposed. Defendant is also aware that the sentence herein has not yet been determined by the Court. Defendant is aware that any estimate of the probable sentencing range that defendant may receive from his attorney, plaintiff, the probation office, or any agents of such parties, is not a promise, and is not binding on plaintiff, the probation office, or the Court. Realizing the uncertainty in estimating what sentence defendant will ultimately receive, defendant knowingly waives the right to appeal the sentence (except as to an upward departure) and agrees not to contest such sentence in any post-conviction proceeding, including but not limited to writs of habeas corpus or coram nobis concerning any and all motions, defenses, probable cause determinations, and objections which

defendant has asserted or could assert to this prosecution and to the court's entry of judgment against defendant and imposition of sentence, in exchange for concessions made by the United States in this agreement and the execution of the agreement itself.

Id. at 19, 22-23. Subsequent to the plea agreement, Mr. Alford changed counsel. The district court entered judgment in the case on August 12, 2004. Mr. Alford timely appealed the next day.

Discussion

A. Waiver of the Right to Appeal the Booker Issue.

We first address the issue of whether Mr. Alford's appeal waiver is enforceable. Because the government only argues waiver in relation to Mr. Alford's Booker argument, we will so limit our analysis and address the § 5K1.1 departure separately. We have both "statutory and constitutional subject matter jurisdiction over appeals when a criminal defendant has waived his appellate rights in an enforceable plea agreement." United States v. Hahn, 359 F.3d 1315, 1324 (10th Cir. 2004) (en banc). In determining whether a waiver is enforceable, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." Id. at 1325.

Mr. Alford's Booker argument falls within the scope of his appellate

waiver.  We strictly construe appellate waivers reading any ambiguities therein in favor of the defendant.  Id.  Broadly worded waivers can encompass Booker arguments.  United States v. Clayton, __ F.3d __, 2005 WL 1799819, at *1 (10th Cir. Aug. 1, 2005); United States v. Green, 405 F.3d 1180, 1189 (10th Cir. 2005) (citation omitted).

In Mr. Alford's plea agreement, he "expressly waive[d] the right to appeal [his] sentence on any ground, except to challenge an upward departure from the applicable guideline range as determined by the Court."  Aplt. App. at 22 (emphasis added).  Mr. Alford's arguments that his sentence is in violation of Booker, based on the district court's mandatory application of the guidelines and the enhancement for possession of a firearm under U.S.S.G. § 2D1.11(b)(1), do not relate to an "upward departure."  His first argument challenges the general application of the Guidelines, and as in Green, he specifically acknowledged in the plea agreement that the then-mandatory sentencing guidelines applied to his case.  See Aplt. App. at 16 ("The defendant . . . understand[s] that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, will apply to the offense to which [he] . . . plead[ed] guilty . . . .").  Thus, any argument to the contrary falls within his wavier of appellate rights.  See Green, 405 F.3d at 1189 (holding that by agreeing the court was "'required to consider the applicable sentencing guidelines'" the defendant accepted the

"mandatory Guidelines regime that existed before <u>Booker</u>" and therefore his <u>Booker</u> arguments fell within his broad appellate rights waiver.).

Further, sentencing "enhancements" and sentencing "departures" are not synonymous such that Mr. Alford's waiver exception for upward departures imposed by the court would also except a sentencing enhancement under U.S.S.G. § 2D1.11(b)(1). <u>Compare</u> <u>United States v. Hannah</u>, 268 F.3d 937, 940-41 (10th Cir. 2001) (departures from the guidelines are discretionary with sentencing court and as such are reviewed for abuse of discretion), <u>with</u> <u>United States v. Cardena-Garcia</u>, 362 F.3d 663, 665 (10th Cir. 2004) (sentencing enhancements involve application of guidelines and are reviewed de novo). As such, this argument also falls within the scope of his appeal waiver.

We also find that Mr. Alford knowingly and voluntarily waived his appeal rights. In addressing this question, we consider whether the plea agreement recites that the defendant knowingly and voluntarily entered into the agreement, and we also consider whether there was a proper Federal Rule of Criminal Procedure 11 colloquy between the court and the defendant when the plea was taken. <u>Green</u>, 405 F.3d at 1190 (citing <u>Hahn</u>, 359 F.3d at 1325). Here, Mr. Alford signed and dated the plea agreement, expressly acknowledging that he had read and reviewed the agreement with his attorney and that he "fully under[stood] it and . . . voluntarily agree[d] to it without reservation." Aplt. App. at 25.

Likewise, during the plea colloquy, the court reiterated the rights Mr. Alford was relinquishing, including his right to appeal, and Mr. Alford indicated he was doing so "voluntarily and completely of [his] own free choice." Aplt. App. 59. Thus, Mr. Alford's plea was knowing and voluntary when taken, and, as we held in Green, a change in the law subsequent to the plea, including the Court's holding in Booker, does not subsequently render the plea unintelligent or involuntary. Green, 405 F.3d at 1190; accord United States v. Leach, ___F.3d __, 2005 WL 1820046, at *3-4 (10th Cir. Aug. 3, 2005); United States v. Porter, 405 F.3d 1136, 1145 (10th Cir. 2005).

Finally, enforcing Mr. Alford's appeal waiver will not result in a miscarriage of justice as none of the circumstances identified in Hahn are present in this case. 359 F.3d at 1327. There is nothing in the record to indicate that an impermissible factor was considered by the court in accepting Mr. Alford's plea and accompanying waiver, or that Mr. Alford was inadequately represented during the plea negotiation process. Likewise, Mr. Alford's resulting sentence was within the statutory maximum,[1] and the waiver was not otherwise unlawful. As such, we conclude that the plea agreement and accompanying appeal waiver are

---

[1] For purposes of determining whether a waiver of appellate rights will result in a miscarriage of justice, "statutory maximum" is given its ordinary meaning. Green, 405 F.3d at 1191-92. The statute Mr. Alford was convicted under permits a sentence of up to 20 years. 21 U.S.C. § 841(c)(2). Thus, the 210 month sentence clearly falls within the statutory maximum.

enforceable against Mr. Alford's Booker arguments.

Mr. Alford contends the waiver is unenforceable and that he should be resentenced because (1) he opted out of his waiver of his right to appeal based upon the unforeseen decision in Blakely, (2) Booker is to be applied to cases on direct review, and he preserved Booker error concerning the firearm enhancement, (3) the district court acknowledged that he had a right to appeal with its advice that he had ten days to appeal the sentence, (4) the government failed to object when he stated his intention to appeal, (5) the government failed to timely challenge his appeal by filing a motion to enforce the waiver pursuant to Hahn, and (6) the waiver was not knowing and voluntary. We have rejected the last argument as discussed above and turn to the remaining arguments.

It is true that counsel advised the court at sentencing that, despite the waiver of appeal in the plea agreement, Mr. Alford viewed Blakely as beyond his contemplation and that he should be able to take an appeal. Aplt. App. at 128. This unilateral statement before the district court does not override the plea agreement; moreover, it is important to note that this statement was not accompanied by a motion to withdraw from the plea agreement. Likewise, the fact that Mr. Alford preserved Booker error before the district court does not overcome the waiver. The district court's advice on the time limit for any appeal was prudent, Fed. R. Crim. P. 32(j)(1)(B); the district court does not decide the

effect of any waiver on appellate rights–this court does.  Insofar as the government forfeiting its right to stand on the waiver of appeal rights, we recently held that the government does not lose the ability to enforce an appeal waiver by failing to file a dispositive motion and instead waiting to address waiver in its opening brief to this court.  <u>Clayton</u>, 2005 WL 1799819, at *2.  We see no reason to treat the government's failure to object to a defendant's stated intent to appeal any differently.

B.  <u>Substantial Assistance Motion.</u>

Next, we address on the merits Mr. Alford's contention that in light of the plea agreement the government acted in bad faith in refusing to make a motion for a downward departure for substantial assistance under U.S.S.G. § 5K1.1.  We review de novo whether the government has breached the terms of a plea agreement.  <u>United States v. Hawley</u>, 93 F.3d 682, 690 (10th Cir. 1996) (citation omitted).  Additionally, as was established by the Supreme Court in <u>Wade v. United States</u>, 504 U.S. 181, 185-86 (1992), we can review whether the government's refusal to move for a downward departure was unconstitutionally motivated.  However, unless the plea agreement provides otherwise, "absent an unconstitutional motive . . ., the prosecutor enjoys complete discretion in determining whether to file a substantial assistance motion, and . . . a claim seeking to compel a motion based on a defendant's view of what he or she deems

to have been 'substantial assistance' will not be entertained." United States v. Massey, 997 F.2d 823, 824 (10th Cir. 1993) (citing Wade, 504 U.S. at 185-87).

Here, the plea agreement provides that "[t]he United States may, but shall not be required to, make a motion requesting the Court to depart from the sentencing range called for by the guidelines in the event defendant provides 'substantial assistance.' This decision shall be in the sole discretion of the United States Attorney." Aplt. App. at 17. From this language it is clear that the government did not breach the plea agreement by refusing to move for a departure under § 5K1.1, as it was never required to make such a motion. Mr. Alford has not alleged that the government's refusal was based on an unconstitutional motive; rather, he simply argues the government was wrong in its assessment that he had not provided substantial assistance. Thus, we lack jurisdiction to review the government's decision. Hawley, 93 F.3d at 691.

The judgment is AFFIRMED; that part of the appeal seeking to challenge the sentence on Booker grounds is DISMISSED given our enforcement of the waiver of appeal in the plea agreement.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge