FILED
United States Court of Appeals
Tenth Circuit

March 23, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ARNOLD JOE ALFORD,

      Defendant-Appellant.

No. 08-7068

Eastern District of Oklahoma

(D.C. Nos. CIV-07-120-RAW-SPS and
CR-03-93-RAW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **HOLLOWAY** and **McCONNELL**, Circuit Judges.

---

I.

Arnold Joe Alford was charged with possession of pseudoephedrine and

possession with intent to distribute methamphetamine in violation of 21 U.S.C. §

§ 841(a)(1) and (c)(2). He pled guilty to the possession of pseudoephedrine

charge and was sentenced to 210 months in prison. He appealed the sentence, but

on direct appeal a panel of this court held that he had waived his appellate rights

by entering the plea agreement. *United States v. Alford*, 147 Fed. App'x. 45, 48

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

(10th Cir. 2005). Mr. Alford then filed an application for habeas relief, contending that the district court erred in finding that he was competent and that his counsel was not ineffective. After holding an evidentiary hearing, the magistrate judge issued a report and recommendation stating that relief should be denied. Twenty days after the report's issuance, Mr. Alford filed an objection to it. The district court denied relief. Mr. Alford now appeals, claiming his plea was invalid because he was incompetent and his counsel provided ineffective assistance.

## II.

The government has not contended that Mr. Alford's claims are procedurally barred, so we proceed to the merits. Under 28 U.S.C. § 2255, we presume that the proceedings leading to a defendant's conviction were correct. *See generally Patton v. Mullin*, 425 F.3d 788, 800 (10th Cir. 2005). For Mr. Alford to prevail on his claims, he must rebut that presumption by showing that a defect in the proceedings resulted in a "complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

### A. Competency

"[C]ompetency claims can raise issues of both substantive and procedural due process." *McGregor v. Gibson*, 248 F.3d 946, 952 (10th Cir. 2001) (en banc). "A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing," while a

substantive competency claim is founded on the allegation that a guilty plea was accepted while the defendant was, in fact, incompetent. *See id.* Mr. Alford raises both of these issues on appeal.

1. Procedural Incompetency

Mr. Alford first claims that the magistrate judge had a duty to conduct a competency hearing. To win on this procedural incompetency claim, Mr. Alford must demonstrate that a "bona fide doubt" existed as to his competency at the time of the plea hearing. *McGregor*, 248 F.3d at 953. "In evaluating the claim, 'we look only at the evidence available to the trial court when the plea was entered to determine if the judge ignored evidence that objectively would have raised doubt about the defendant's fitness to proceed.'" *United States v. Vidal*, No. 07-2026, 2009 U.S. App. LEXIS 4012, *18 (10th Cir. 2009) (quoting *Allen v. Mullin*, 368 F.3d 1220, 1239 (10th Cir. 2004)).

The facts presented at the plea hearing are critical to this analysis. Mr. Alford stated that he attended school through the eleventh grade and could read, write, and understand English. Aple. Br. 4. Both Mr. Alford and his counsel testified that Mr. Alford was on a number of medications. Counsel outlined them, indicating he thought they mostly were related to a heart condition, but also acknowledged that Mr. Alford was taking Xanax and sleeping medication for anxiety. Aple. Br. 5. Mr. Alford then testified that none of his medications affected his ability to understand the proceedings. Although he stated he was

never hospitalized for mental issues, he had received treatment for mental illness approximately ten to twelve years previously. He stated he is supposed to see a psychiatrist either once every two weeks or once every month for anxiety and depression, but that those conditions would not impair his ability to assist counsel or understand the proceedings. Finally, defense counsel stated that he reviewed the plea agreement with Mr. Alford and a few of his relatives, and it appeared that Mr. Alford understood the agreement. The judge accepted Mr. Alford's plea and sentenced him to 210 months' imprisonment, which was the bottom end of the applicable guideline range.

These facts, combined with Mr. Alford's rational and cooperative behavior at the plea hearing, do not raise a bona fide doubt as to his competence to enter a guilty plea. Mr. Alford assured the court that he understood what was going on, and nothing suggested otherwise. The fact that he sees a psychiatrist and suffers from depression and anxiety do not, without more, give rise to a doubt as to his ability to understand the proceedings. Thus, Mr. Alford's procedural incompetency claim falls short.

2. Substantive Incompetency

Mr. Alford also claims that his plea was invalid because he was incompetent to waive his rights. "To succeed in stating a substantive incompetency claim, a petitioner must present evidence that creates a real, substantial and legitimate doubt as to his competency to stand trial." *Walker v.*

-4-

*Attorney General for Oklahoma*, 167 F.3d 1339, 1347 (10th Cir. 1999) (internal quotations omitted). The analysis is similar to procedural incompetency, but the defendant has a higher burden of proof. Because we have concluded there was insufficient evidence to justify even a hearing on incompetency, "[*a*] *fortiori*, there [is] insufficient evidence to support a claim of substantive incompetency." *Allen*, 368 F.3d at 1240; *see also Walker*, 167 F.3d at 1347.

Though we can look at more evidence than what was before the judge at the plea hearing when evaluating a substantive incompetency claim, the evidence from the sentencing hearing and the evidentiary hearing on habeas do not sufficiently aid Mr. Alford's argument. At sentencing, defense counsel introduced a psychological report on Mr. Alford authored by Dr. Minor Gordon, a psychologist who evaluated Mr. Alford eleven days before he entered his guilty plea. The purpose of the evaluation was to determine whether Mr. Alford was competent when he waived his *Miranda* rights. He concluded in his report that Mr. Alford was not. In reaching this conclusion, Dr. Gordon interviewed Mr. Gordon's ex-wife and administered several psychological tests. Mr. Alford had an IQ of 83, evidenced short-term memory impairment, and "had a longstanding desire to please others." Aple. Br. 12. However, Dr. Gordon's report also noted that Mr. Alford had likely been under the influence of alcohol at the time of his arrest and when he waived his *Miranda* rights.

At the evidentiary hearing before the magistrate judge on habeas, Dr. Gordon testified about the evaluation discussed above. He also stated that Mr. Alford did not have the psychological resources available to deal with any of his problems, and that two of his medications would have a sedative effect. Defense counsel introduced medical records showing that Mr. Alford was diagnosed with Major Depressive Disorder and Generalized Anxiety Disorder. Mr. Alford's ex-wife, to whom he was married for more than 20 years, also testified. She was still in frequent contact with Mr. Alford and was present during the legal discussions with defense counsel. She claims defense counsel said that entering a guilty plea was the only option for Mr. Alford. She also testified that Mr. Alford's poor mental state and inability to make decisions was one of the reasons why she accompanied him to defense counsel's office. Mr. Alford's brother also was present for some of the conversations with defense counsel. He testified that it takes more than brief questions and answers for his brother to understand what is going on around him.

This evidence is not severe enough to establish a real doubt about Mr. Alford's competence to enter a guilty plea. Indeed, Mr. Alford indicated that he suffered from depression and anxiety during the plea hearing but was still able to assist counsel and understand the proceedings. Mr. Gordon's report addressed Mr. Alford's incompetence when he was arrested, at a time when Mr. Alford was under the influence of alcohol. This evidence does not raise a real doubt about

his competency to enter a guilty plea nearly a year later. Indeed, Mr. Gordon's report did not raise a bona fide doubt as to Mr. Alford's competency to be sentenced, nor did it persuade the court to grant a downward departure for diminished capacity.

Because Mr. Alford has failed to establish a real, substantial, and legitimate doubt as to Mr. Alford's competency to enter the guilty plea, his substantive competency claim also fails.

### B. Ineffective Assistance

The magistrate judge found that defense counsel knew of Dr. Gordon's report at the time of the plea hearing, but failed to bring it to the court's attention at that time. The magistrate judge held that defense counsel's performance was probably deficient in this regard, but that no prejudice resulted. Mr. Alford appeals, claiming he was provided ineffective assistance, warranting reversal.

Under *Strickland v. Washington*, defense counsel's assistance is ineffective when (1) his performance falls below an objective standard of reasonableness, and (2) the deficient performance prejudices the defense. 466 U.S. 668, 687-92 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 690. It is quite possible that defense counsel made the strategic decision not to introduce Dr. Gordon's report,

believing it cast little, if any, doubt on Mr. Alford's competence to enter the guilty plea, and would lead to needless delay. Indeed, the magistrate judge recognized defense counsel's excellent reputation and the possibility of valid strategic reasons for not introducing the report. Mag. Rep. 12–13. Still, the magistrate judge found that defense counsel's performance fell below an objective standard of reasonableness. Though we entertain doubt that Mr. Alford's counsel was deficient under these circumstances, we need not address the issue as we agree with the district court that no prejudice resulted.

As to prejudice, Mr. Alford first argues that the magistrate judge incorrectly stated that the inquiry was whether the psychological evaluation "would have persuaded the Court to order a competency hearing . . . if it had been presented at the plea allocution." Mag. Rep. 15. The correct question is not whether the Court would have *actually* ordered a competency hearing, but rather whether there was a *reasonable probability* that the court would have ordered such a hearing. *Strickland*, 466 U.S. at 694. However, no harm resulted from this misstatement of the rule. The magistrate judge immediately went on to apply the proper standard. In his analysis, he quoted the "reasonable probability" standard laid out in *Strickland* and then concluded there was "no reasonable probability that a competency hearing would have been ordered." Mag. Rep. 15–16.

We have carefully reviewed the record, the magistrate judge's report, and the arguments on appeal, and conclude that the district court did not commit

-8-

reversible error in concluding there was no prejudice. As discussed above, when Dr. Gordon's report was submitted at sentencing, the court did not note any concerns about Mr. Alford's competency to proceed, nor did it grant a downward departure for diminished capacity. This strongly suggests that the report also would not have had any effect if presented at the plea hearing. Although Mr. Alford was diagnosed with depression and anxiety, he was under treatment, including medication, for those difficulties. We agree with the court below that indications that Mr. Alford had a desire to "please" others are not sufficient, on this record, to show that he was not competent to stand trial. He therefore did not suffer prejudice for his counsel's failure to bring the competence issue to the attention of the trial court.

### III.

The judgment of the United States District Court for the Eastern District of Oklahoma is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge