**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BYRON THOMAS TINSLEY, JR.,

    Defendant - Appellant.

No. 22-5030
(D.C. No. 4:18-CR-00029-GKF-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Defendant Byron Tinsley, Jr. pleaded guilty to making a false statement in

determining supplemental social security disability benefits in violation of 42 U.S.C.

§ 1383a(a)(3).  The district court sentenced him to five years' probation.  Following

completion of a Probation Office program, the district court reduced Defendant's

probationary term to three and a half years.  This term was set to expire in February 2022.

But, after Defendant was arrested and charged with domestic assault in November 2021,

the Probation Office asked the district court to revoke Defendant's probation

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

At a probation revocation hearing in April 2022, the district court found that Defendant violated the conditions of his probation by committing a new state or local crime. And the district court sentenced him to twelve months' imprisonment, to be followed by three years of supervised release. Defendant challenges this judgment on appeal.

Defendant's counsel, however, believes that any appeal relating to Defendant's revocation and subsequent sentence is destined to fail, and therefore moves to withdraw as counsel under Anders v. California, 386 U.S. 738 (1967).

> The Supreme Court's decision in Anders . . . authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under Anders, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted) (citing Anders, 386 U.S. at 744).

Defendant has not responded to counsel's Anders brief, and the government notified us that it will not respond. Even so, we carefully examined both the record and the "potential appealable issues" that Defendant's counsel dutifully raises. Id. After doing so, we agree with Defendant's counsel that "there are no non-frivolous issues upon which [Defendant] has a basis for appeal." Id.

2

Defendant's counsel recognizes three possible bases for appeal: (1) procedural competency; (2) revocation of probation; and (3) the sentence imposed.  We address each basis in turn.

To prevail on a procedural competency claim, Defendant would have to "establish that a reasonable judge should have had a bona fide doubt as to his competence." McGregor v. Gibson, 248 F.3d 946, 954 (10th Cir. 2001).  Viewing the record objectively from the district judge's standpoint, we must determine whether Defendant "had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and whether [he] had 'a rational as well as factual understanding of the proceedings against him.'"  Id.  (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).  We review competency determinations for clear error.  United States v. DeShazer, 554 F.3d 1281, 1286 (10th Cir. 2009).

Discussion around Defendant's competency during the revocation hearing focused on his mental state during the domestic assault that led to his probation revocation.[1]  In that regard, evidence showed that Defendant had health problems and shortly before the incident he received a troubling medical diagnosis.  But evidence also showed that Defendant's previous behavior and comments displayed an intent to harm.  From the evidence, the district court recognized that competency could be an issue, yet found the evidence suggested distress as to Defendant's troubling diagnosis—not mental incapacity.

---

[1] Note that any discussion and evidence about competency did not come from a competency hearing.  Indeed, no one requested a competency hearing in this case.

What's more, the record shows Defendant responded to the district court's questions and said he understood the revocation sentencing documents and was able to care for himself. Defendant's counsel did not assert that Defendant could not understand or consult with him. The record suggests that Defendant's behavior at the hearing was both cooperative and rational, with no behavior showing a need for a competency hearing. See McGregor, 248 F.3d at 954 (outlining relevant questions as whether defendant could consult with attorney in a reasonably rational way and whether he had a rational and factual understanding of proceedings against him); United States v. Alford, 317 F. App'x 813, 815 (10th Cir. 2009) (concluding defendant's "rational and cooperative behavior," along with assurances "that he understood what was going on," at a hearing did not raise a doubt as to his competence). Given the record before us, we conclude that a reasonable judge would not "have had a bona fide doubt as to [Defendant's] competence" and an appeal on the issue would be frivolous. McGregor, 248 F.3d at 954.

Turning to revocation, we review a revocation of probation or supervised release for abuse of discretion. See United States v. Metzener, 584 F.3d 928, 932 (10th Cir. 2009). The district court complied with the procedures for revoking probation set forth in Federal Rule of Criminal Procedure 32.1. Defendant was represented by counsel at the revocation hearing, confirmed he reviewed written revocation sentencing documents, was present for the testimony of witnesses and had the opportunity to question those witnesses, and had an opportunity to make a statement to the court. See Fed. R. Crim. P. 32.1(b)(2)(A)–(E).

4

And the district court made specific findings based on the evidence presented that Defendant violated the terms of his probation by engaging in a new violation of law and considered the relevant 18 U.S.C. § 3553(a) factors in revoking Defendant's probation. See 18 U.S.C. § 3565(a)(2) ("If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . revoke the sentence of probation and resentence the defendant . . . ."). We agree with Defendant's counsel that an appeal of Defendant's probation revocation would be frivolous.

Finally, as to the sentence imposed, we "will not reverse a sentence following revocation of [probation or] supervised release if the record establishes the sentence is 'reasoned and reasonable.'" United States v. Handley, 678 F.3d 1185, 1188 (10th Cir. 2012) (quoting United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005) (internal quotation marks omitted)). "[A] reasoned sentence is one that is procedurally reasonable; and a reasonable sentence is one that is substantively reasonable." United States v. McBride, 633 F.3d 1229, 1232 (10th Cir. 2011) (quotations omitted).

The district court committed no procedural error when sentencing Defendant to twelve months' imprisonment. The district court properly calculated Defendant's sentencing range to be eighteen to twenty-four months' imprisonment under the United States Sentencing Guidelines. "Procedural error includes 'failing to calculate (or

improperly calculating) the Guidelines range . . . .'" United States v. Sanchez-Leon, 764 F.3d 1248, 1261 (10th Cir. 2014) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court did not view the guideline range as mandatory. See id. ("Procedural error includes . . . 'treating the Guidelines as mandatory . . . .'" (quoting Gall, 552 U.S. at 51)). Further, the district court expressly considered the 18 U.S.C. § 3553(a) sentencing factors and refrained from relying on any clearly erroneous facts when it sentenced Defendant to a term of imprisonment below the Guidelines range. See id. ("Procedural error includes. . . 'failing to consider the § 3553(a) factors [and] selecting a sentence based on clearly erroneous facts . . . .'" (quoting Gall, 552 U.S. at 51)). The district court engaged in discussion with counsel and Defendant about the downward departure from the Guidelines given Defendant's physical state and explained its reasoning for the sentence based on the parties' arguments. See id. ("Procedural error includes . . . 'failing to adequately explain the chosen sentence . . . .'" (quoting Gall, 552 U.S. at 51)). Simply stated, the sentence was reasoned.

The district court also committed no substantive error when sentencing Defendant to twelve months' imprisonment. We "review the substantive reasonableness of a sentence for abuse of discretion." United States v. Chavez, 723 F.3d 1226, 1233 (10th Cir. 2013). A "within-Guidelines sentence is entitled to a presumption of substantive reasonableness on appeal." United States v. Craig, 808 F.3d 1249, 1261 (10th Cir. 2015) (quoting United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1215 (10th Cir. 2008)). And any substantive challenge must be based on the district court's consideration of 18

U.S.C. § 3553(a) factors.  See United States v. Sanchez-Leon, 764 F.3d 1248 (10th Cir. 2014).

In this case, the imposed sentence (twelve months) is below the Guidelines (eighteen to twenty-four months).  The district court adequately addressed the § 3553(a) factors when imposing a sentence below the Guidelines by emphasizing medical stabilization of the defendant and public protection.  Given the district court's thorough consideration of the facts, we see no abuse of discretion—the sentence was reasonable.  Thus, an appeal based on Defendant's sentence would be frivolous.

Defendant's counsel raised no other potential appealable issues besides the three discussed above.  We too cannot discern any issues after our own searching review of the record.  We therefore agree with Defendant's counsel that Defendant's appeal is wholly frivolous, grant counsel's motion to withdraw under Anders, and dismiss this appeal.

APPEAL DISMISSED.

Entered for the Court

Joel M. Carson III
Circuit Judge